# Webb, Exrx., Appellant, *v.* Bennett's Branch Improvement Co.

### [Marked to be reported.]

*Waters—Damages—Executors and administrators—Devise.*

An action by an executrix to recover damages for the flooding of lands in violation of an agreement between the testator and defendants cannot be sustained, where it appears that the testator had devised the lands to his grandchildren, and that the damages had all accrued after the testator's death.

In such a case the legal right to have compensation for the injury was vested in the devisees by virtue of their title, and the circumstance that the right to have damages was affected by a contract between the defendant and the former owner was immaterial.

Argued April 30, 1894.  Appeal, No. 221, Jan. T., 1894, by plaintiff, Caroline Webb, executrix of Charles Webb, deceased, from judgment of C. P. Elk Co., Jan. T., 1889, No. 22, on verdict for defendant.  Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ.  Affirmed.

Assumpsit on contract.  Before MAYER, P. J.

At the trial it appeared that on Jan. 11, 1871, Charles Webb and defendant company entered into a contract (in settlement of a suit: Woodward v. Webb, 65 Pa. 254) which was in part as follows:

" Said Webb hereby grants to the Bennetts Branch Improvement Co. and their successor, the right free from all claim for compensation or damages to keep up and maintain the Slabtown dam, as for any ten days in each year, which they or their employees may select to raise water upon such dam, by gates, splashes, boards, or otherwise, of such height as they may wish, free from all charges or claim for compensation or damages. It is further agreed that for every day in each year over the ten in which said company raises water upon said dam, by gates, splashes, boards, or otherwise for the purpose of floating or running logs, said company are to pay said Webb the sum of ten dollars, which is to be in full for all claims for damages. Said Webb further relinquishes all right to claim damages against said company or their employees in consequence necessary splash floods above here and floating or drawing logs or lumber down the Bennets Branch, through and over his premises in Jay township, Elk county."

Charles Webb died in 1879, leaving a will by which he devised to the heirs of Zenas M. Webb certain real estate.  As to this devise he directed as follows: " I hereby appoint Luther G. Rogers and Zenas M. Webb trustees for said heirs to enter upon the said demised premises to improve upon this said land and protect the premises from the infringement of any person or persons from daming water back on the mills or otherwise and to see the taxes is yearly paid," etc.

Plaintiff's statement was not printed in the paper-book, but from plaintiff's history of the case it appeared that the action was brought to recover the amount agreed to be paid by defendants for raising waters upon the Slabtown dam during the years 1884, 1885, 1886 and 1887, for a total of one hundred and seven days over the ten in each year, as provided by the contract of Jan. 11, 1871.

Plaintiff's points were as follows:

"1. That the contract between Charles Webb, deceased, and the defendant in this case, and upon which the suit is founded, granted to said defendant an irrevocable license to commit trespass upon the land of said Charles Webb in Jay township, Elk county, Pennsylvania, in consideration of the sums to be paid as therein set forth and promised." Refused. [1]

" 2. That the sums agreed to be paid by said defendant under said contract are in the nature of stipulated damages for past and future injuries done and permitted to be done upon the lands of said Charles Webb in said township." Refused. [2]

" 3. That the sums agreed to be paid by said defendant as damages for the enjoyment of said license are personal property, and as such may be recovered by the executrix under the will of said Charles Webb." Refused. [3]

" 4. That the amount due under said contract is undisputed in the pleadings and the plaintiff is entitled to recover the amount set forth in her statement." Refused. [4]

5. Request for binding instructions. Refused. [5]

Binding instruction was given for defendant. [6]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1–6) instructions, quoting them.

*N. T. Arnold, W. W. Barbour* with him, for appellant.—The contract grants an irrevocable license to defendant to commit trespasses upon all lands of Charles Webb in Jay township: Rapalje & Lawrence, Law Dict. 755; Thompson v. McElarney, 82 Pa. 174.

Defendant had no interest in the land. The most it had was a license to commit trespasses upon paying the damages fixed by the contract: Funk v. Haldeman, 53 Pa. 229; Woodfall on Landlord & Tenant, 113.

The contract upon which suit was brought was made in settlement of an action brought against the employees of defendant to recover damages done to the lands and mills of Charles Webb by reason of the construction and operation of the Slabtown dam: Woodward v. Webb, 65 Pa. 254.

The damages fixed by the contract were no part of the land but personal property, whether computed before or after the death of Charles Webb, and did not pass with a demise of the land injured: Blackiston's Ap., 81* Pa. 339; Hay's Est., 29 Pitts. L. J. 311; Nav. Co. v. Thoburn, 7 S. & R. 411; Nav. Co. v. Decker, 2 Watts, 343; McFadden v. Johnson, 72 Pa. 335; Zimmerman v. Canal Co., 1 W. & S. 346.

The defence seemed to rest entirely upon the theory that the amount due under the contract belongs to Zenas Webb's "heirs." Even if the entire damages were to the mills, we submit that under all the cases it has been held that the damage was complete as soon as the dam was built capable of backing water upon the mills and lands: Blackiston's Ap., 81* Pa. 339; Nav. Co. v. Thoburn, 7 S. & R. 411; Nav. Co. v. Decker, 2 Watts, 343; Zimmerman v. Canal Co., 1 W. & S. 346; Woodward v. Webb, 65 Pa. 262.

*Seth T. McCormick, C. H. McCauley* and *Henry C. McCormick* with him, for appellee.—The contract of Jan. 11, 1871, was in settlement of litigation then in progress, arising out of the erection of the dam in controversy, and the entry of judgment upon the verdict in the case then pending, and the entering into the agreement between the parties was a plain and distinct recognition by appellee of the superior right of the riparian owner, Charles Webb.

A subordinate interest in his land was granted by Charles Webb to appellee : Morse v. Aldrich, 19 Pick. 449.

All question as to the law of this case has been definitely settled by this court in the recent case of Horn v. Miller, 136 Pa. 640. See also Coleman v. Coleman, 19 Pa. 100; Carr v. Lowry, 27 Pa. 257; Spencer's Case, Sm. L. Cas., 9th ed. 174–212.

OPINION BY MR. JUSTICE GREEN, May 21, 1894:

The damages which are sought to be recovered in this action

were suffered long after the death of Charles Webb, and after
the title to the lands and mills in question had become vested
in the heirs of Zenas M. Webb under the will of Charles Webb.
By the terms of the will the fee simple of the land was given
to the heirs of Zenas M. Webb, but trustees were appointed
" for said heirs to enter upon the said demised premises to im-
prove upon this said land and protect the premises from the in-
fringement of any person or persons from damming water back
on the mills or otherwise and to see the taxes is yearly paid,"
etc.  Charles Webb died in 1879 and the damages by backing
water on the lands, for which the suit is brought, were sus-
tained in the years 1884, 1885, 1886 and 1887.  During all
these years and at all times after the death of Charles Webb
the whole title to the mills and lands devised by the will was
vested in the heirs of Zenas M. Webb, and it is very difficult
to understand upon what principle the executrix of Charles
Webb's will can make any claim to recover the damages in-
flicted upon the land during the years stated.  She had no title
to them of any kind, nor any right to the possession, care or
custody of the lands, for any purpose whatever.  The posses-
sion which the trustees were entitled to take was for the ex-
clusive benefit of the heirs of Zenas M. Webb, and neither
the executrix nor any of the other children or devisees of
Charles Webb had any interest in the lands devised to these
heirs, nor any rights of action growing out of their ownership.
Had the title of the heirs been derived by a deed made in
1879, it would certainly not be pretended that damages sus-
tained years afterwards by the flooding of the land were a part
of the assets of Charles Webb's estate and therefore recoverable
by his executrix.  Had the damages been sustained prior to his
death, but not liquidated until after that event, the question
would have been very different, and in that situation the author-
ties cited by appellant's counsel would have been applicable,
but they have no relevancy to the present question.  The in-
jury was an injury to the land by flooding it with water backed
from the defendant's dam.  It was an injury, peculiarly and
exclusively, to the enjoyment and occupancy of the land, and
of course affected only the persons who were the owners of the
land at the time.  The legal right, therefore, to have compen-
sation for the injury was vested in the owners by virtue of their

title. The circumstance that the right to have damages was affected by a contract made with the defendant by the former owner, does not in the least affect the right of the present owners to have compensation for whatever damages were suffered after his death. There was nothing in the contract or in the will which could operate to sever the right to the damages from the ownership of the lands at the time when the damages were inflicted.

We are clearly of opinion that upon plain and obvious principles this conclusion is correct, but it is also fully sustained by the decision of this court in the case of Horn v. Miller, 136 Pa. 640. In that case, as in this, there had been a prior action by a former owner for withdrawing a portion of the water of a stream by his adjoining owner, and it was followed by a settlement and a written contract between the litigants respecting the manner in which the water might be subsequently used. The action was brought by a subsequent owner who complained of an infraction of the agreement, and a use of the water contrary to its terms. We held that the contract was a covenant running with the land, made for the benefit of the contracting party, as a riparian owner, and that this right passed to the succeeding owners of the title. Mr. Justice CLARK, delivering the opinion, said : " But the right which was thus protected was nevertheless his right as a riparian owner, the extent of which, in view of all the facts and circumstances, was declared and established between the parties, their heirs, executors, administrators and assigns, in the terms of the contract. The right to reasonable use of water in its natural flow, without any diversion of it from its ordinary channel by artificial means, is incidental to the ownership of the land through which it flows ; and the extent to which it may be used and applied affects the use and consequent value of the land itself. These covenants therefore relate to the land of the respective parties, or to the enjoyment of the land which they had in possession in fee, and were to be performed upon and in connection with its use and enjoyment. The present parties litigant have, in part at least, the same lands respectively to which the agreement relates, also in fee. The covenants were by the covenantors for the mutual benefit of themselves, their heirs, executors, administrators or grantees, and the present owners holding the land by convey-

ance from the covenantors respectively, under the law of this state, are in privity of estate with them respectively. . . . We are of opinion therefore, that the covenants in question run with the land, and define the rights, not only of the parties thereto, but of their respective heirs and assigns."

Further discussion seems unnecessary. We are very clearly of opinion that the present plaintiff has no right to maintain an action for the recovery of damages caused by flooding the land devised to the heirs of Zenas M. Webb, and therefore the judgment of the learned court below was correct. If damages are claimed for flooding any other land formerly of Charles Webb, such claim can be considered when a proper case is presented. We know nothing of it here as the plaintiff has not seen fit to print her statement, and even if such claim were here, it could not be combined in the same action with this.

Judgment affirmed.